[Crim. No. 17580. Second Dist., Div. Four. Aug. 25, 1970.]

THE PEOPLE, Plaintiff and Appellant, v.
ORVILLE DILON SHUBERT, Defendant and Respondent.

## COUNSEL

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

George A. Lydon for Defendant and Respondent.

## OPINION

**JEFFERSON, J.**—Orville Dilon Shubert was charged by information with selling benzedrine (Health & Saf. Code, § 11912), possessing benzedrine (Health & Saf. Code, § 11911), and possessing marijuana (Health & Saf. Code, § 11530). Pursuant to the defendant's motion (Pen. Code, § 1538.5), the trial court suppressed evidence essential to support counts II and III (possession of benzedrine and marijuana, respectively), and dismissed those counts. ■ The People appeal "from the order of this court of August 7, 1969, suppressing evidence and dismissing this cause." The order suppressing evidence is not appealable and the purported appeal therefrom must be dismissed. The People's appeal from the order of dismissal requires a review of the order suppressing evidence which made the dismissal necessary. (See Pen. Code, § 1238, subd. 7.)

Milton Eddy testified at the hearing on the motion that the defendant visited his apartment on the evening of May 3, 1969, and delivered to him about 40 benzedrine pills, for which he agreed to pay. Eddy later contacted the police, told them about the purchase, and gave all of the benzedrine pills to them.

On the evening of May 4, 1969, officers went to Shubert's residence, knocked, identified themselves and arrested the defendant for the sale of the pills. Once assured that Shubert knew and understood his constitutional rights, the officers told him that they were going to search the apartment and asked if he had any contraband. He said he did and went into a bedroom where he took out of a dresser drawer a brown paper bag containing plastic bags of benzedrine tablets. In their search of the apartment the officers also found material resembling marijuana in the form of stem seeds and a green, leafy substance.

■ The arrest of the defendant without a warrant was supported by reasonable cause. Milton Eddy, who gave the police a firsthand report of defendant's illegal sale of benzedrine, had previously worked with the police as a source of narcotics information, and on at least one occasion the violator reported by Eddy had been held to answer. ■ The trial court expressly found there were grounds to make the arrest, but it was of the opinion the search was a violation of the rule laid down after the arrest and prior to the hearing in *Chimel* v. *California,* 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034].

The arrest took place before June 23, 1969, the effective date of *Chimel* v. *California,* 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034], which

limited the scope of legal search. Before the date of the 1538.5 hearing on August 7, 1969, it was held that the *Chimel* rule was not retroactive (*People* v. *Castillo,* 274 Cal.App.2d 508, 512-513 [80 Cal.Rptr. 211]), as the California Supreme Court ultimately concluded. (*People* v. *Edwards* (1969) 71 Cal.2d 1096, 1106-1109 [80 Cal.Rptr. 633, 458 P.2d 713].) The search of the premises incident to a lawful arrest in the present case was clearly valid (*People* v. *Castillo, supra*), and it was error to suppress the evidence.

The purported appeal from the order suppressing the evidence is dismissed. The order of dismissal is reversed.

Files, P. J., and Kingsley, J., concurred.